UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GERARD BOULANGER, :
       Plaintiff, :
: 
   v. : NH 06-cv-00308-ECT
: RI MC 07-23 T
WARREN DOWALIBY, et al., :
       Defendants. :

**ORDER
DENYING MOTION FOR
APPOINTMENT OF COUNSEL**

    Before the Court is Plaintiff's Motion for Appointment of Counsel (the "Motion"). There is no constitutional right to appointed counsel in a civil case. Maroni v. Pemi-Baker Regional School District, 346 F.3d 247, 257 (1st Cir. 2003); accord DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). An indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel, Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986), and that a denial of counsel is likely to result in fundamental unfairness impinging on the plaintiff's due process rights, DesRosiers v. Moran, 949 F.2d at 23.

    In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. See id. Plaintiff's claims involve the conditions of his confinement. Among other complaints, he alleges that for long periods of time he was not given any recreation; that he was denied access to a law library; that he was placed in punitive segregation without receiving a disciplinary or other administrative hearing; that a light was kept on his cell twenty-four hours a day; that Defendants

confiscated and destroyed legal papers sent to him by his attorney; that he was subjected to searches every two hours around the clock; and that he was kept in four point restraints and allowed only one hour a day outside his cell.  See Complaint at 7-13.  At this point, the Court is unable to determine whether Plaintiff's claims have merit or not.  Accordingly, this consideration neither favors nor disfavors the appointment of counsel.

With regard to the legal issues involved, Plaintiff's claims are not especially complex.  He has first-hand knowledge of the conditions of his confinement, and any additional investigation which may be required appears to be within his ability to conduct.  Additionally, the applicable law is not beyond a layman's comprehension.  Lastly, Plaintiff appears to have the ability to represent himself as evidenced by his filings to date.  Indeed, his Complaint and filings in this matter to date reflect a familiarity with legal proceedings considerably above that of the average lay person.  Cf. Cookish v. Cunningham, 787 F.2d at 4 (finding no exceptional circumstances where, inter alia, the plaintiff "exhibited relative familiarity with the legal process").  I find that Plaintiff has the ability to represent himself.

After considering the total situation, the Court concludes that Plaintiff has not demonstrated the existence of special circumstances warranting the appointment of counsel.  Accordingly, the Motion is denied.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
May 22, 2007