UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

GERARD BOULANGER,

                                     NH 06-cv-00308-ECT
v.                                  RI MC 07-23 T

ROBERT GILBERT, et al.

ORDER AND MEMORANDUM GRANTING
FEDERAL DEFENDANT'S MOTION TO DISMISS

In October of 2004, federal prisoner Gerard Boulanger was convicted of armed robbery involving a controlled substance, possession with intent to distribute a controlled substance, and being a felon in possession of a firearm.  See U.S. v. Boulanger, 444 F.3d 76 (1st Cir. 2006).  On August 21, 2006, Boulanger brought this § 1983 action, *pro se*, in the District Court of New Hampshire against ten federal and state prison employees, claiming that he was mistreated during his eighteen month pretrial detention at the Strafford County House of Corrections. See Nov. 15, 2006 Report and Recommendation by United States Magistrate Judge James R. Muirhead (D. N.H. Docket No. 5) at 1.

Some of Boulanger's claims and all of his claims against two of the defendants were dismissed by Judge DiClerico, in part, on the ground that Bivens claims could not be asserted against

1

federal officials acting in their *official* capacities, because
there is no vicarious liability under <u>Bivens</u>.   <u>See</u> D. N.H. Docket
No. 16.   Defendant Robert Gilbert, described in the complaint as
the Director of the United States Marshal Service for the
District of New Hampshire, has moved to dismiss the claims made
against him in his individual capacity, on the ground that he was
not the Director of the Marshal Service at the time the alleged
mistreatment took place.   <u>See</u> Memorandum of Law in Support of
Federal Defendants' Motion to Dismiss (D. N.H. Docket No. 27-2)
at 3.   Gilbert has submitted a declaration in support of his
motion to dismiss from Gary DiMartino, Gilbert's successor,
showing that Gilbert left the Marshal's Service almost ten years
before Boulanger's pretrial detention began.   <u>See</u> Declaration of
Gary DiMartino in Support of Federal Defendants' Motion to
Dismiss (D. N.H. Docket No. 27-6) at 2.

Boulanger concedes that Gilbert was erroneously named as
Director; and, in an attempt to correct the error, filed a motion
to add Gary DiMartino as a party to the action.   <u>See</u> Plaintiff's
Objection/Motion to Amend (D. N.H. Docket No. 30).   Boulanger's
motion to amend was denied by Magistrate Judge Muirhead, based on
the prior ruling that <u>Bivens</u> claims could not be asserted against
federal officials in their official capacities.   <u>See</u> D. N.H.
Docket.   Since then, all of the sitting judges in the District of
New Hampshire have recused themselves from this case, and the

2

case has been transferred to this Court.  <u>See</u> Order of Recusal (D. N.H. Docket No. 35); Procedural Order (D. N.H. Docket No. 38).

Because there are no allegations that Gilbert participated in the alleged mistreatment of Boulanger; and, because it is undisputed that Gilbert was not even employed by the Marshal's Service at the time, Gilbert's motion to dismiss is granted.

It is so ordered

Ernest C. Torres
Sr. U.S. Dist. Judge
11/15/07

3