```
               UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF RHODE ISLAND
```

```
GERARD BOULANGER,                    :
          Plaintiff,                 :
                                     :
     v.                              :    NH 06-cv-00308-ECT
                                     :    RI MC 07-23 T
U.S. MARSHALS SERVICE,               :
NEW HAMPSHIRE DISTRICT,¹ et al.,     :
          Defendants.                :
```

## ORDER
## RE DEFENDANTS' MOTION
## FOR SUMMARY JUDGMENT

Defendants Warren Dowaliby, Jeffrey McPherson, Linda Lee, Bruce Pelkie, and Donna Roy ("Defendants") have filed a Motion for Summary Judgment (New Hampshire Document ("N.H. Doc.") #63) with a Statement of Undisputed Facts ("SUF"). Although the Memorandum of Law in Support of Motion for Summary Judgment ("Defendants' Mem.") contains record citations, Defendants SUF does not. Accordingly, **Defendants are directed to file within twenty-one days of the date of this Order an Amended SUF.** For each enumerated fact stated in the Amended SUF, Defendants shall provide the appropriate record citation.²

---

¹ Although all federal Defendants have now been dismissed from this action, see Order and Memorandum Granting Federal Defendant's Motion to Dismiss (Rhode Island Document ("R.I. Doc.") #6) (dismissing last federal Defendant), the Court identifies the case as it was originally filed, see Complaint.

² For example:

"6.   The door to Plaintiff's unit had marks indicating tampering, showing that the glass in the door had been etched with a cutting tool so it could be removed.   Dowaliby

**Within twenty-one days of the filing of Defendants' Amended SUF, Plaintiff Gerard Boulanger ("Plaintiff") shall file a response to the Amended SUF.**  The response shall be entitled "Plaintiff's Response to Defendants' Amended SUF" ("Plaintiff's Response") and shall address each of the numbered paragraphs in the Amended SUF.  As to each paragraph, Plaintiff shall state whether the alleged fact is: "disputed," "disputed in part," or "undisputed."  If a fact is disputed in part, Plaintiff shall state what part of the fact is disputed.[3]  As to any fact which Plaintiff disputes, either in full or in part, Plaintiff shall identify the evidence in the record which supports his contention that the fact is disputed.  If the evidence is testimony which Plaintiff (or another witness) will provide at trial, Plaintiff shall submit an affidavit which states the expected testimony.  If the evidence is other than testimonial, Plaintiff shall identify what that evidence is.  If it is not obvious how the expected testimony or other evidence contradicts or disputes the particular "fact," Plaintiff shall briefly explain how the

---

Declaration ¶ 10."

[3] For example, with reference to Defendants' SUF ¶ 23, if Plaintiff does not dispute that "[t]here was broken glass in Plaintiff's trash can, a towel with blood on it ...," id., but disputes that there were "sheets tied together to make a rope," id., his response to this paragraph of Defendants' Amended SUF would be similar to the following:

> 23. Disputed in part.  There were no sheets tied together to make a rope.  See Plaintiff's Affidavit, ¶ 5.

2

expected testimony or other evidence contradicts or disputes the "alleged fact."

After Plaintiff has addressed each numbered paragraph in Defendants' Amended SUF, Plaintiff may list any additional material facts (numbering each such fact), supported by appropriate record citations, as to which Plaintiff contends a genuine dispute exists so as to require a trial. Plaintiff may list these additional material facts in Plaintiff's Response, but they should appear beneath the heading "Additional Disputed Material Facts."

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
May 5, 2008