```
                   UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE


GERARD BOULANGER,                     :
          Plaintiff,                  :
                                      :
     v.                               :    NH 06-cv-00308-WES
                                      :    RI MC 07-23
U.S. MARSHALS SERVICE,                :
NEW HAMPSHIRE DISTRICT,¹ et al.,      :
          Defendants.                 :
```

**ORDER VACATING STAY**

**AND**

**NOTICE OF STATUS CONFERENCE**

The stay of proceedings which the Court granted on August 27, 2008, see Order Granting Motion to Stay Proceedings,² is hereby vacated.  The Court will conduct a telephone status conference with Plaintiff and counsel for Defendants on July 16, 2009, at 10:00 a.m.  At that time the parties should be prepared to discuss:

1) what, if anything, needs to be done before this matter is scheduled for trial;

2) the names of any witnesses which a party intends to call

---

¹ Although all federal Defendants have now been dismissed from this action, see Order and Memorandum Granting Federal Defendant's Motion to Dismiss (District of New Hampshire Document ("D.N.H. Doc.") #54) ("Order and Memorandum of 11/15/07") (dismissing last federal Defendant), the Court identifies the case as it was originally filed, see Complaint.

² The Order Granting Motion to Stay Proceedings was signed by the Court on August 27, 2008, and docketed by the Clerk on August 28, 2008.

at trial;

    3) whether Plaintiff has the financial ability to pay the cost of his transportation to Rhode Island,[3] see Manning v. Tefft, 839 F.Supp. 126, 129 (D.R.I. 1994)([A] prisoner has no constitutional right to be transported to the trial, free of charge."); id. (noting that the use of public funds to pay the transportation expenses of an indigent civil litigant "would constitute the kind of affirmative assistance to a civil litigant that has been held to be beyond the scope of [28 U.S.C.] § 1915"); see also Thornton v. Snyder, 428 F.3d 690, 697 (7th Cir. 2005)("[A] prisoner does not have a constitutional right to attend the jury trial of his civil rights claim involving the conditions of his confinement."); Latiolais v. Whitley, 93 F.3d 205, 208 (5th Cir. 1996)("prisoner-plaintiffs have no constitutional right to be present at their civil trial"); Lemmons v. Law Firm of Morris & Morris, 39 F.3d 264, 267 (10th Cir. 1994)(same); Manning v. Tefft, 839 F.Supp. at 129 ("It is clear that a prisoner does not even have a constitutional *right* to be *present* at a civil trial to which he is party.")(citing Stone v. Morris, 546 F.2d 730 (7th Cir. 1976); Armstrong v. Rushing, 352 F.2d 836, 837 (9th Cir. 1965)).

---

[3] The United States Marshals Service has advised the Court that the estimated cost of Plaintiff's round trip transportation to Rhode Island is approximately $5,000.00 and that for each day of trial the Marshals Service would incur additional costs of approximately $1,320.00.

ENTER:


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
July 6, 2009