```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW HAMPSHIRE


GERARD BOULANGER,                    :
          Plaintiff,                 :
                                     :
     v.                              :     NH 06-cv-00308-WES
                                     :     RI MC 07-23 S
U.S. MARSHALS SERVICE,               :
NEW HAMPSHIRE DISTRICT,¹ et al.,     :
          Defendants.                :
```

## ORDER

### FOLLOWING JULY 16, 2009,

### TELEPHONE CONFERENCE

On July 16, 2009, the Court conducted a telephone conference with Plaintiff and counsel for the remaining Defendants in this action. The following matters were addressed:

1.  The Court advised the parties that the Order Vacating Stay and Notice of Status Conference dated July 6, 2009 ("Order of 7/6/09"), contained an error in that it referred to "the cost of [Plaintiff's] transportation to Rhode Island," Order of 7/6/09 at 2, and should have stated "the cost of his transportation to New Hampshire" as this case will be tried in New Hampshire.

2.  In response to the Court's inquiry, Plaintiff stated that he does not have the financial ability to pay the cost of

---

[1] Although all federal Defendants have now been dismissed from this action, see Order and Memorandum Granting Federal Defendant's Motion to Dismiss (District of New Hampshire Document ("D.N.H. Doc.") #54) ("Order and Memorandum of 11/15/07") (dismissing last federal Defendant), the Court identifies the case as it was originally filed, see Complaint.

his transportation to New Hampshire.  The Court stated that in light of this circumstance other means of conducting the trial would have to be investigated, such as by video or telephone conference.

    3.  The parties stated that the case was ready to be scheduled for trial.  Plaintiff indicated that he expected to call three individuals (two correctional officers and his former attorney), himself, and the five Defendants as witnesses.  Counsel for Defendants indicated that he expected to call the five Defendants and approximately six to seven additional witnesses.

    4.  After receiving the above information, the Court stated that it would require the parties to file a list of their witnesses and any exhibits.  Accordingly, by August 14, 2009, the parties shall:

        a)  file a list of the witnesses they intend to call at trial.  For each witness, the party shall provide the witness's full name, address at which s/he can be contacted, and a summary of the testimony which the witness is expected to provide;

        b)  file a list of any exhibits they intend to introduce at trial.  For each exhibit, the party shall state what the exhibit will show.  If the relevance of such exhibit is not self-explanatory, the party shall

    explain why the exhibit is relevant; and

    c) provide an estimate as to how many days will be required for them to present their case.

4. In response to an inquiry from counsel for Defendants, the Court stated that he may file a motion to be excused from trying this case during specified dates in the fall of 2009. In the same motion, counsel may also indicate the dates which would be most convenient for him. However, the Court makes no commitment that counsel's request to be excused during certain dates will be granted.

So ordered.

ENTER:


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
July 16, 2009