```
                 UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW HAMPSHIRE


GERARD BOULANGER,                    :
          Plaintiff,                 :
                                     :
     v.                              :    NH 06-cv-00308-WES
                                     :    RI MC 07-23
U.S. MARSHALS SERVICE,               :
NEW HAMPSHIRE DISTRICT,¹ et al.,     :
          Defendants.                :
```

## ORDER

## DIRECTING PARTIES

## TO COMPLY FULLY WITH PREVIOUS ORDER

On July 16, 2009, the Court issued an order requiring Plaintiff and Defendants to: a) file a list of witnesses they intend to call at trial, b) file a list of exhibits they intend to introduce at trial, and c) provide an estimate as to how many days will be required for them to present their case. See Order Following July 16, 2009, Telephone Conference (D.N.H. Doc. #79) ("Order of 7/16/09") at 2-3. Although both parties have submitted lists of witnesses and exhibits,² neither party has provided the required "estimate as to how many days will be

---

   ¹ Although all federal Defendants have now been dismissed from this action, see Order and Memorandum Granting Federal Defendant's Motion to Dismiss (District of New Hampshire Document ("D.N.H. Doc.") #54) ("Order and Memorandum of 11/15/07")(dismissing last federal Defendant), the Court identifies the case as it was originally filed, see Complaint.

   ² Plaintiff has submitted Plaintiff[']s Witness List: Articles of Evidence (D.N.H. Doc. #80) ("Plaintiff's Witness List"), while Defendants have submitted their Witness List (D.N.H. Doc. #83) and their Exhibit List (D.N.H. Doc. #84).

required for them to present their case."[3]  Id. at 3.
Accordingly, the parties are directed to submit the required
estimate within ten days of the date of this Order.


ENTER:


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
August 21, 2009

---

[3] Plaintiff appears to argue that the Court should order that he be produced in New Hampshire for trial and that the cost of such production be borne by the taxpayers.  See Plaintiff's Witness List at 3.  Defendants construe this argument by Plaintiff as a request for such relief, and they ask that it be denied.  See Objection to Plaintiff's Request for Relief Contained within Witness List (D.N.H. Doc. #81).

Accordingly, to the extent that Plaintiff seeks to have the Court order that he be produced in New Hampshire at public expense so that he may attend the trial in person, such request is denied based on the caselaw which the Court has previously cited.  See Amended Order Vacating Stay and Notice of Status Conference (D.N.H. Doc. #78) at 2-3.  The Court is aware of its authority to issue a writ of habeas corpus ad testificandum.  See Plaintiff's Witness List at 3 (citing Spears v. Chandler, 672 F.2d 834, 835 (11th Cir. 1982))(holding that federal district court in Alabama erred in denying motions by Alabama state prisoner for writ of habeas corpus ad testificandum to attend civil trial in Alabama federal court on basis that court was without authority to grant them).  Here Plaintiff is incarcerated in Pennsylvania, and his production in New Hampshire for trial would involve significant expense to the taxpayers.  Thus, his circumstances are distinguishable from those of the plaintiff in Spears.

2